## McFADDIN et al. v. HEBERT et al. *
### No. 1469.

Court of Civil Appeals of Texas. Beaumont.
Jan. 22, 1930.

Rehearing Denied Dec. 12, 1930.

For the opinion of the Supreme Court, see 15 S.W.(2d) 213.

Howth, Adams & Hart, J. L. C. McFaddin, and E. L. Nall, all of Beaumont, for appellants.

Barry & Burges and A. D. Lipscomb, all of Beaumont, for appellees.

*Writ of error granted.

WALKER, J.

This is a boundary suit. Upon original submission we carefully reviewed all of appellant's assignments and propositions and appellees' counter propositions. It was our conclusion that the trial court did not err in refusing to instruct a verdict for appellees, but that they were entitled to an affirmance of their judgment on the verdict of the jury except for appellants' assignments complaining of the argument of appellees' counsel to the jury. Propositions of law arising on these assignments were certified by us to the Supreme Court and there held to constitute reversible error. For the opinion of the Supreme Court, see McFaddin v. Hebert, 15 S. W.(2d) 213. It therefore becomes our duty, under the mandate of the Supreme Court, to reverse the judgment of the lower court and to remand this cause for a new trial, and it is accordingly so ordered.

 Though we filed no opinion before certifying the case to the Supreme Court, we advised both parties that the facts and conclusions embodied in our certificate, together with the answer of the Supreme Court thereon, would constitute our opinion. When the mandate from the Supreme Court was filed herein, appellees asked permission to reargue, before we announced our judgment, their proposition that, as a matter of law, they were entitled to an instructed verdict. They were given this permission, and the case has been reargued. Appellees have also filed an additional written argument. As a basis for our conclusions overruling this contention, we give the following additional facts: The Gahagan League lies on the north of the McGaffey League, beginning at the McGaffey northeast corner, and by its calls for distance for its south line running south 58° west, 6,923 varas for its southwest corner. As a fact issue no controversy can arise as to the location of this corner upon the ground. It would serve no useful purpose to detail the facts establishing the west boundary line of the Gahagan League as it was located by the original surveyor. The facts show, as we have stated, the location of this line beyond controversy and that there is an excess in its call for distance of 1,054 varas; that is, that the south boundary line is 1,054 varas shorter than the distance designated by its field notes. The McGaffey Labor lies immediately west of the Gahagan League and is called for by the Gahagan League. The Burrell lies immediately west of the McGaffey Labor. The Holbrook lies immediately west of the Burrell and calls for the Burrell at its beginning point. The Moore lies immediately west of the Holbrook and calls for the southwest corner of the Holbrook as its beginning corner and also calls for the northwest corner of the McGaffey League. By their calls for distance these five surveys exactly consume the distance called for by the McGaffey League for its north boundary line. Appellees have asked that we make the following conclusions of fact, which we take from their brief.

"All the field notes, and plats to scale, in the land office and in the county surveyors office in 1881, when Ingalls surveyed the Moore and Holbrook showed the following:

| | | |
|---|---|---|
| North line of the McGaffey League...... | | 10,923 |
| Adjoining S. line of the Gahagan........ | 6,923 | |
| Adjoining S. line of the Labor.......... | 1,179 | |
| Adjoining S. line of the Burrell......... | 845 | |
| Remaining vacancy on N. line of Lg.... | 1,976 | |
| | 10,923 | 10,923 |

"The League called for 10,923 varas in its N. line from the Russell survey to the lake; the Gahagan, patented or surveyed in 1841, called for League's N. E. cor. and 6,923 varas on its N. line; the Labor *patented* in 1845 called for the Gahagan as an adjoiner and for 1,179 varas *on the League's* N. line; the Burrell patented or surveyed in 1848 called for the Labor and for 845 varas *on the League's* N. line; the Moore and Holbrook, surveyed in 1881 *called for just exactly the other 1,976 varas of the League's N. line.*"

The date of the patents for the different surveys, as reflected by appellees' statement, was subsequent to the actual survey of the land. These surveys were made as follows: The Gahagan in 1841; the McGaffey Labor in 1838; the Burrell in 1848; the Holbrook and Moore on March 14, 1881.

We agree with appellee on the following propositions:

"The various calls should be harmonized as far as they may be." "It is an acknowledged rule, in construing a grant, that all of its parts must be taken together and supported, if it can be done." "It is not permissible to look to calls for another survey to create inconsistency in calls of survey in question"; "If there be no conflict in the calls found in the field notes of a survey, there is no room for construction and the calls must speak for themselves." "It is a question of where the surveyor or grantor did place, or meant to place, the subsequent tract * * * the rule * * * applies to and includes those senior surveys whose boundaries may be established by one of the recognized rules of construction of surveys, and includes corners and lines determined by calls for distance." "Courts will not permit a judgment to stand where calls for adjoinders are rejected unless those selected for rejection result in the fewest possible changes. Under this rule if all calls can be given effect, certainly none will be rejected. Where some of the calls must be treated as mistakes those should be selected as made by mistake which produced the fewest possible conflicts." "No calls will be rejected if all

can be reconciled." "The rules governing the construction of grants, upon questions of boundary, are well settled. They are invoked only when the calls of the grant lead to conflicting results. Then those calls must be adopted which are most consistent with the intention apparent on the face of the grant or the presumed intention of the grantor."

These propositions have no application to the facts of the case, as sustaining appellants' contention for an instructed verdict. Of course, it is correct to say that no calls will be rejected if all can be reconciled. But all the calls in the Gahagan cannot be reconciled. Its call for distance on its south boundary line is, as a matter of law, excessive 1,054 varas, and because the call for distance cannot be reconciled with the location on the ground of its west boundary line all of appellees' propositions, as summarized above, go out of the case.

The issue was clearly made that Ingalls, in locating the Holbrook and Moore, thought that the south boundary line of the Gahagan was 6,923 varas long. Accepting that as the true length of that line and knowing that the north boundary line of the McGaffey League was 10,923 varas in length, he supposed that the northwest corner of the McGaffey League was only 1,976 varas from the southwest corner of the Burrell. In this he was in error. The true distance of the northwest corner of the McGaffey League from the southwest corner of the Burrell was 3,030 varas. The issue was further raised that the true location on the ground of the northwest corner of the McGaffey League was in doubt. If, in fact, Ingalls knew of the true location on the ground of this corner and located the Moore in relation thereto, he made an error of 1,054 varas in his south boundary line, for he could not have been in doubt as to the location on the ground of the southwest corner of the Gahagan, the southeast corner of the McGaffey Labor, the southwest corner of the McGaffey Labor, the southeast corner of the Burrell, nor the southwest corner of the Burrell. That is to say, he could not have been in doubt as to the location of these corners if he made any effort, upon the ground, to locate them. Their location was reflected by the facts upon the ground beyond controversy. If Ingalls did know the true location of the corners of these surveys just named, and it was his duty to know these facts, then his call for the northwest corner of the McGaffey League, in connection with the calls for the south boundary line of the Moore, was either a mistake on his part as to its true location or, if he knew its location, he intentionally created an excess of 1,054 varas in the south line of the Moore. But if he knew the location of the northwest corner of the McGaf-

fey League and, knowing it, called for it, then appellees are entitled to recover; that is, if he went to the northwest corner of the McGaffey League, as it existed upon the ground, when he was surveying the Moore, appellees should recover. But if he called for this corner without knowing its location and did not carry the Moore to that point, that is, "go" there, as submitted by question No. 1 reflected by our certificate, they cannot recover.

We have carefully read appellees' brief and argument on resubmission, and most of the propositions asserted are abstractly sound but, as said above, have no application to the facts of this case. The issue presented by the evidence herein is purely one of fact, properly embodied in question No. 1 as set out by our certificate to the Supreme Court, and in remanding this case to the lower court it is with specific instructions that issue No. 1 be the only issue submitted to the jury.

Reversed and remanded with instructions.