## McFADDIN et al. v. HEBERT et al.
### No. 1488—5755.

Commission of Appeals of Texas, Section A. Jan. 6, 1932.

E. L. Nall, J. L. C. McFaddin, and Howth, Adams & Hart, all of Beaumont, for plaintiffs in error.

H. P. Barry, Barry & Burges, and A. D. Lipscomb, all of Beaumont, for defendants in error.

SHARP, J.

For a statement of the nature of the case, we adopt from the certificate made to the Supreme Court by the Court of Civil Appeals upon certified questions as follows: "This is a boundary suit instituted by appellees against appellants involving the correct location on the ground of the Holbrook, Moore, San Geronimo and B. & C. No. 1, a group of adjoining surveys in Jefferson County, Texas, owned by appellees, originally surveyed by James Ingalls, County Surveyor, on March 14, and 15, 1881. They were four of a large block of surveys made at that time from a large body of land lying west of the Gahagan League and its adjoining surveys and east of the northwest corner of the McGaffey League, the Russell and Howard surveys, and a series of T. & N. O. surveys running north from the Howard. Of the surveys in controversy, the Holbrook and Moore lie between the Burrell survey on the east and the northwest corner of the McGaffey League and the Russell and Howard on the west. The Holbrook and Moore called for these as adjoining surveys. These two surveys also call for the north line of the McGaffey League. Because of the admitted location on the ground of the southwest corner of the Gahagan and of the McGaffey Labor, which lies immediately west of the Gahagan League and on the north boundary line of the McGaffey League and of the Burrell, which lies immediately west of the McGaffey Labor and on the north line of the McGaffey League, there is an excess of 1054 varas in the south boundary lines of the Holbrook and Moore if they be permitted to occupy all the land between the Burrell on the east and the northwest corner of the McGaffey League and the Russell and the Howard on the west, creating a large excess in the acreage of these two surveys. Because of this condition, it was the theory of appellants that the call of the Moore for the northwest corner of the McGaffey League and the Russell and Howard surveys was a mistake. Appellants conceded to the Holbrook and Moore surveys all the land that the calls for distance of their field notes would give them. This theory was submitted to the General Land Office, which on the showing made by appellants recognized an error in the call of the Moore for the northwest corner of the McGaffey League and the Russell and Howard, and patented to appellants all the land lying between the Moore on the east, giving it and the Holbrook their calls for course and distance and their full acreage, and the northwest corner of the McGaffey League and the Russell and Howard on the west. Appellees contended that this land was a part of the four surveys for which they sued. The San Geronimo Survey lies immediately north of the Moore and B. & C. No. 1 immediately west of the San Geronimo." 118 Tex. 314, 15 S.W.(2d) 213.

Based upon the certified questions answered by the Supreme Court, the Court of Civil Appeals reversed and remanded the case with specific instructions that issue No. 1 be the only issue submitted to the jury. 32 S.W.(2d) 914, 915.

To review this opinion, the Supreme Court granted a writ of error. The Court of Civil Appeals in its opinion found the following facts:

"The Gahagan League lies on the north of the McGaffey League, beginning at the McGaffey northeast corner, and by its calls for distance for its south line running south 58° west, 6,923 varas for its southwest corner. As a fact issue no controversy can arise as to the location of this corner upon the ground. It would serve no useful purpose to detail the facts establishing the west boundary line of the Gahagan League as it was located by the original surveyor. The facts show, as we have stated, the location of this line beyond controversy and that there is an excess in its call for distance of 1,054

varas; that is, that the south boundary line is 1,054 varas shorter than the distance designated by its field notes. The McGaffey Labor lies immediately west of the Gahagan League and is called for by the Gahagan League. The Burrell lies immediately west of the McGaffey Labor. The Holbrook lies immediately west of the Burrell and calls for the Burrell at its beginning point. The Moore lies immediately west of the Holbrook and calls for the southwest corner of the Holbrook as its beginning corner and also calls for the northwest corner of the McGaffey League. By their calls for distance these five surveys exactly consume the distance called for by the McGaffey League for its north boundary line. Appellees have asked that we make the following conclusions of fact, which we take from their brief:

" 'All the field notes, and plats to scale, in the land office and in the county surveyor's office in 1881, when Ingalls surveyed the Moore and Holbrook showed the following:

| | | |
|---|---|---|
| North line of the McGaffey League | | 10,923 |
| Adjoining S. line of the Gahagan | 6,923 | |
| Adjoining S. line of the Labor | 1,179 | |
| Adjoining S. line of the Burrell | 845 | |
| Remaining vacancy on N. line of Lg. | 1,976 | |
| | 10,923 | 10,923 |

" 'The League called for 10,923 varas in its N. line from the Russel survey to the lake; the Gahagan, patented or surveyed in 1841, called for League's N. E. cor. and 6,923 varas on its N. line; the Labor *patented* in 1845 called for the Gahagan as an adjoiner and for 1,179 varas *on the League's* N. line; the Burrell patented or surveyed in 1848 called for the Labor and for 845 varas *on the League's* N. line; the Moore and Holbrook, surveyed in 1881 called for just exactly the other 1,976 varas of the League's N. line.' "

The evidence tends to show that James Ingalls, formerly the county surveyor of Jefferson county, made several of the surveys in the general locality involved. He surveyed the Glenn in 1859, this survey being just above and tied to the John McGaffey Labor, the east line of which followed the west line of the Dennis Gahagan. Then after having located several of the T. & N. O. surveys to the west of the Pedro de La Garza, namely, in 1881, he located the Fletcher, the Byrne, and the Holbrook surveys, all of which were tied to the former surveys, having for their east line the Dennis Gahagan west line; and all of them having for their pivotal survey the John McGaffey Labor, whose southeast corner is shown on the ground by a cedar stake. Many witnesses testified about this cedar stake which is sup-

posed to be the original southeast corner of the McGaffey Labor. The cedar stake seems to be a well-established corner and a very important point in this litigation. The case was submitted to the jury upon special issues. Among other issues, the trial court submitted to the jury issue No. 1, which reads as follows:

"Did James Ingalls, in making the survey of the E. L. Moore and other connecting surveys go to the northwest corner of the John McGaffey League, as called for in his field notes of the Moore Survey, or did he not?

"Answer 'yes' or 'no.' "

The Court of Civil Appeals in its opinion further found: "The issue was clearly made that Ingalls, in locating the Holbrook and Moore, thought that the south boundary line of the Gahagan was 6,923 varas long. Accepting that as the true length of that line and knowing that the north boundary line of the McGaffey League was 10,923 varas in length, he supposed that the northwest corner of the McGaffey League was only 1,976 varas from the southwest corner of the Burrell. In this he was in error. The true distance of the northwest corner of the McGaffey League from the southwest corner of the Burrell was 3,030 varas. The issue was further raised that the true location on the ground of the northwest corner of the McGaffey League was in doubt. If, in fact, Ingalls knew of the true location on the ground of this corner and located the Moore in relation thereto, he made an error of 1,054 varas in his south boundary line, for he could not have been in doubt as to the location on the ground of the southwest corner of the Gahagan, the southeast corner of the McGaffey Labor, the southwest corner of the McGaffey Labor, the southeast corner of the Burrell, nor the southwest corner of the Burrell. That is to say, he could not have been in doubt as to the location of these corners if he made any effort, upon the ground, to locate them. Their location was reflected by the facts upon the ground beyond controversy. If Ingalls did know the true location of the corners of these surveys just named, and it was his duty to know these facts, then his call for the northwest corner of the McGaffey League, in connection with the calls for the south boundary line of the Moore, was either a mistake on his part as to its true location or, if he knew its location, he intentionally created an excess of 1,054 varas in the south line of the Moore. But if he knew the location of the northwest corner of the McGaffey League and, knowing it, called for it, then appellees are entitled to recover; that is, if he went to the northwest corner of the McGaffey League, as it existed upon the ground, when he was surveying the Moore, appellees should recover. But if he called for this corner without knowing its location and did not carry the Moore to that point, that is,

'go' there, as submitted by question No. 1 reflected by our certificate, they cannot recover."

By reason of the opinion of the Supreme Court in answer to certified questions holding that the argument of counsel representing Hebert et al. was improper and cause of reversal, the Court of Civil Appeals reversed and remanded the case to the district court for another trial with instructions that issue No. 1 be the only issue submitted to the jury. We have carefully considered the questions raised and are in accord with the Court of Civil Appeals in reversing and remanding the case for another trial. However, we do not agree with the Court of Civil Appeals if the pleadings and evidence should raise other issues that only issue No. 1 be determined. It is not known now what issues the pleadings and evidence might raise for determination during another trial, and we think it best that the trial judge be free to submit or determine all issues properly raised by the pleadings and testimony.

Therefore, we recommend that that part of the opinion of the Court of Civil Appeals reversing and remanding the case for another trial be affirmed, but that part of the opinion specifically instructing that issue No. 1 be the only issue submitted to the jury be reversed, and that this case be reversed and remanded to the district court for another trial.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed with further instructions, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.